IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00164-MR

| | | |
|---|---|---|
| **AUSTIN REID PITTMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **FNU HONEYCUTT,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. The Plaintiff names as the sole Defendant FNU Honeycutt, the Alexander CI warden.[2] He alleges a prison doctor ordered

---

[1] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

[2] The body of the Complaint refers to individuals other than Defendant Honeycutt, but it does not appear that the Plaintiff is attempting to assert claims against them. Had he attempted to do so, any such claims would be dismissed without prejudice. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to

that the Plaintiff be taken to an outside hospital for treatment after he sustained a "serious head injury" during an excessive force incident on July 19, 2022.[3] [Doc. 1 at 2, 4]. The doctor's order was conveyed to Defendant Honeycutt, who denied the transfer. [Id. at 3]. The Plaintiff was strapped to a bed and received no treatment for 18 hours before he was finally sent to the hospital. [Id. at 3-4]. The Plaintiff claims that he experienced "severe pain" and the "real danger of a life threatening brain bleed or concussion" during the 18-hour delay. [Id.]. He seeks damages. [Id. at 6].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

---

name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity").

[3] The Plaintiff has filed several other § 1983 actions in this Court relating to this incident. See, e.g., 5:22-cv-00175-MR, 5:22-cv-00156-MR.

2

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825,

837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

"Mere delay is … not enough" to support a deliberate indifference claim. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022). The objective prong requires a plaintiff to show that the alleged delay put him at a "substantial risk" of "serious harm." Id. (quoting Moss v. Harwood, 19 F.4th 614, 625 (4th Cir. 2021); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016)). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's

4

condition deteriorates markedly or the ailment is of an urgent nature." Moskos, 24 F.4th at 298.

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment claim against Defendant Honeycutt based on deliberate indifference to a serious medical need is not clearly frivolous.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment claim against Defendant Huneycutt survives initial review.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Eighth Amendment claim against Defendant Honeycutt passes initial review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Honeycutt who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED**.

Signed: February 9, 2023

Martin Reidinger
Chief United States District Judge