IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00164-MR

| | |
|---|---|
| **AUSTIN REID PITTMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU HUNEYCUTT, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 15]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.  BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Complaint passed initial review against Defendant Huneycutt, the Alexander CI warden, for deliberate indifference to a serious medical need. [Doc. 9]. The Plaintiff has now filed an Amended Complaint which is before the Court for initial review. [Doc. 15].

---

[1] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

The Plaintiff again names Warden Huneycutt as a Defendant. He adds as a Defendant FNU Dow, a registered nurse at Alexander CI. [Doc. 15 at 2]. He asserts that both of the Defendants were deliberately indifferent to a serious medical need. [Id. at 5-6]. For injury, the Plaintiff claims that he experienced "needless severe pain and risk to [his] life…," and "mental and emotional distress." [Id. at 7]. He seeks compensatory damages. [Id. at 9].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff again claims that Warden Huneycutt was deliberately indifferent to a serious medical need by denying a doctor's order to send the Plaintiff to an outside hospital for a head injury. [Id. at 4-5]. He further claims that Nurse Dow was deliberately indifferent by failing to notify the doctor that Warden Huneycutt denied the transportation request, and by failing to provide the Plaintiff with any treatment for an extended period of time. [Id. at 5-6].

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment claims against Defendants Huneycutt and Down based on deliberate indifference to a serious medical need are not clearly frivolous.

## IV. CONCLUSION

In sum, the Plaintiff's claims against Defendants Huneycutt and Dow for deliberate indifference to a serious medical need survive initial review.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims against Defendants Huneycutt and Dow for deliberate indifference to a serious medical need pass initial review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Dow, R.N.,[2] who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

**IT IS SO ORDERED**.

Signed: August 21, 2023

Martin Reidinger
Chief United States District Judge

---

[2] Defendant Huneycutt has already waived service. [See Doc. 14].