IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00164-MR

| | | |
|---|---|---|
| **AUSTIN REID PITTMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **RONNIE LANE HUNEYCUTT, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Defendants to Assign and Disclose New Counsel [Doc. 30] and Motion to Compel Discovery [Doc. 38].

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Amended Complaint passed initial review against Ronnie Huneycutt and Theodore Dow for deliberate indifference to a serious medical need. [See Docs. 15, 18]. On January 10, 2024, the Court entered a Pretrial Order and Case Management Plan setting the discovery cutoff date as May 3, 2024, and making dispositive motions due by June 3, 2024. [Doc. 23].

---

[1] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

These deadlines were extended until July 20, 2024 to complete discovery, and until September 26, 2024 to file dispositive motions. [July 8, 2024 and August 6, 2024 Text-Only Orders]. Notices of Substitution of Counsel were filed on May 15, 2024 and July 15, 2024, and an additional attorney appeared on August 5, 2024. [Docs. 28, 35, 36].

On May 22, 2024,[2] the Plaintiff filed a "Motion Compelling Defendants to Assign and Disclose" in which the Plaintiff explains that he is aware, from other litigation, that then-defense counsel was no longer employed at the NCDOJ, and asking the Defendants to assign new counsel to the case and to provide him with their contact information. [Doc. 30]. This Motion is denied as moot, as new counsel have made their appearance. [See Docs. 28, 35, 36].

On August 9, 2024,[3] the Plaintiff filed a Motion to Compel Discovery. [Doc. 38]. The Defendants are directed to respond within 14 days. The deadline to file dispositive motions is extended until October 28, 2024.

---

[2] The Motion is dated May 16, 2024; however, the docketing date is used here because the Plaintiff failed to certify the date upon which he placed his Motion in the prison's mail system.

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Defendants to Assign and Disclose New Counsel [Doc. 30] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendants shall respond to the Plaintiff's Motion to Compel Discovery [Doc. 38] within **fourteen (14) days**. In light of the pending Motion to Compel, the deadline to file dispositive motions is extended until **October 28, 2024**.

**IT IS SO ORDERED**.

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge