IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00164-MR

| | | |
|---|---|---|
| **AUSTIN REID PITTMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **RONNIE LANE HUNEYCUTT, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion to Compel Discovery [Doc. 38] and on the Defendants' Motion to Seal [Doc. 48].[1]

The Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[2] The Amended Complaint passed initial review against the Defendants Ronnie Huneycutt and Theodore Dow for deliberate indifference to a serious medical need. [See Docs. 15, 18]. The discovery deadline expired on July 20, 2024. [July 8, 2024 Text-Only Order].

---

[1] Also pending is the Defendants' Motion for Summary Judgment, which is not yet ripe. [See Doc. 45].

[2] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

On August 9, 2024,[3] the Plaintiff filed the instant Motion seeking to compel the Defendants to respond to several discovery requests.[4] [Doc. 38]. On September 23, 2024, the Court ordered the Defendants to respond to the Motion to Compel and extended the deadline to file dispositive motions until October 28, 2024. [Doc. 41]. On September 27, 2024, the Defendants filed a Motion for Protective Order [Doc. 42]. On October 7, 2024, the Defendants filed a Response to the Motion to Compel. [Doc. 43]. In their Response, the Defendants state that they responded to the Plaintiff's discovery requests on August 30, 2024; that they made document productions on September 4 and 12, 2024; and that an additional production would be provided upon the Court's entry of a protective order. [Doc. 43]. The Court entered the requested protective order on October 15, 2024. [Doc. 44]. The Plaintiff has not replied to the Defendants' Response to the Motion to Compel, and the time to do so has expired.

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[4] The Plaintiff also filed an "Addendum" in which he requests a 30-day extension of the deadlines to complete discovery and to file dispositive motions. [Doc. 39]. The Plaintiff is reminded that he must request relief from the Court by filing a "Motion." [See Doc. 3 (Order of Instructions)]. Letters and other miscellaneous filings will not receive a response from the Court and may be stricken.

The Defendants have demonstrated that they have complied with the Plaintiff's discovery requests. Accordingly, the Plaintiff's Motion to Compel will be denied.

The Defendants move to seal Exhibit C to their Motion for Summary Judgment, which are the Plaintiff's confidential medical records. [Doc. 48; see Docs. 46-3, 47]. There is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See

Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1. When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion. LCvR 6.1.

The Court has considered alternatives to sealing and finds that the Plaintiff's interest in the confidentiality of his medical records overrides the public's right to an open court in this case, and that there is no alternative that will adequately protect these concerns. The Defendants' Motion will be granted for the reasons set forth therein and the Clerk of Court will be directed to seal Exhibit C to the Defendants' Motion for Summary Judgment.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Discovery [Doc. 38] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Seal [Doc. 48] is **GRANTED**, and the Clerk is respectfully instructed to seal Exhibit C to the Defendants' Motion for Summary Judgment [Doc. 47] until further Order of this Court.

**IT IS SO ORDERED**. Signed: November 15, 2024

Martin Reidinger
Chief United States District Judge